UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FILED

JUL 1 3 2005

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

| | |
|---|---|
| ALBERT A. SAMS ) <br> ) <br> Plaintiff ) <br> ) <br> v. ) <br> ) <br> ISABELLA M. CABBAGESTAK ) <br> ) <br> Defendant ) <br> ) | CASE NUMBER 1:05CV01393 <br><br> JUDGE: John Garrett Penn <br><br> DECK TYPE: Civil Rights (non-employment) <br><br> DATE STAMP: 07/13/2005 |

## NOTICE OF REMOVAL OF A CIVIL ACTION

The United States Attorney General, through the undersigned attorneys, hereby files this Notice of Removal pursuant to 28 U.S.C. §§ 1441, 1442(a)(1), 1446 and 2679(d)(2). In support of that notice, the Attorney General states as follows:

1. Isabella M. Cabbagestak is the defendant in the civil action styled <u>Albert A. Sams v. Isabella Cabbagestak</u>, now pending in the Superior Court of the District of Columbia, Civil Action No.: 2005-(SC2)-7126.

2. The above entitled action was filed on or around June 17, 2005, and a copy of the complaint is attached hereto as Exhibit A. The action is scheduled for hearing on July 15, 2005.

3. At the time of the incidents alleged in the complaint, Defendant was an employee of the Department of Housing and Urban Development ("HUD"). Specifically, Defendant was (and is currently) a Multifamily Housing Specialist in HUD's District of Columbia field office at the time of the alleged incidents. Plaintiff's complaint seeks damages in the amount of $749.00 for Defendant's alleged failure to comply with the District of Columbia Department of Consumer

and Regulatory Affairs provisions. See Ex. A, Complaint, "Statement of Claim."

4. On the basis of the Complaint and other available information, R. Craig Lawrence, Acting Chief of the Civil Division, United States Attorney's Office for the District of Columbia, acting pursuant to delegated authority, has certified pursuant to 28 U.S.C. § 2679(d)(2) that Ms. Cabbagestak was acting within the scope of her office of employment at the time of the alleged incidents. See Ex. B; 28 C.F.R. § 15.4. This certification means that, pursuant to 28 U.S.C. § 2679(d)(1), the United States shall now, as a matter of law and without order of the Court, be substituted for Ms. Cabbagestak as the sole defendant in this action. In addition, the certification means that this action "shall be removed" to District Court, pursuant to 28 U.S.C. § 2679(d)(2).

5. Plaintiff's claims are ones for which the District Court has original jurisdiction, because the suit is against an official of the United States government, for actions allegedly taken while acting within the scope of her office or employment, and therefore removal is also authorized by 28 U.S.C. § 1441(a).

6. Furthermore, Plaintiff's complaint alleges that his causes of action are brought against Ms. Cabbagestak in her individual capacity for damages. However, because Defendant is an officer of an agency of the United States and was acting under color of her office, 28 U.S.C. § 1442(a)(1) provides another statutory basis for removal of this action.

WHEREFORE, this action now pending in the Superior Court of the District of Columbia is properly removed to this Court pursuant to 28 U.S.C. §§ 1441, 1442 (a)(1), 1446, and 2679(d).

July 13, 2005

Respectfully Submitted,

*signature*

KENNETH L. WAINSTEIN, D.C. BAR # 451058
United States Attorney

*signature*

R. CRAIG LAWRENCE, D.C. BAR # 171538
Assistant United States Attorney

*signature*

JULIA K. DOUDS
Special Assistant United States Attorney
Civil Division
555 4th Street, N.W.
Washington, D.C. 20530
(202) 514-5134