UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| ALBERT A. SAMS, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No.: 05-1393 (JGP) |
| | ) | |
| v. | ) | |
| | ) | |
| ISABELLA M. CABBAGESTAK, | ) | |
| | ) | |
| Defendant. | ) | |

**PARTIES' 16.3 REPORT**

*Pro se* plaintiff and counsel for defendant, Isabella Cabbagestalk,[1] Program Manager,

U.S. Department of Housing and Urban Development ("HUD"), conferred by telephone today

and agreed on the following report pursuant to Local Rule 16.3.

Plaintiff is a resident at the Sayles Place Housing Cooperative Project ("Sayles"), a HUD-

subsidized apartment complex in Washington, D.C. Plaintiff alleges that his rent was improperly

raised. He sued Ms. Cabbagestalk, in her official capacity, seeking damages. He also believes

that the Sayles board violated its own bylaws in seeking the rent increase, but he has not named

anyone else as a defendant in this case other than Ms. Cabbagestalk.

Defendant interprets the complaint as challenging, under the Administrative Procedure

Act ("APA"), the decision by HUD to approve the rent increase described in plaintiff's

complaint. It is possible that one could also read the complaint as raising contract and/or Bivens

claims against HUD as well. Defendant believes that the APA claim will fail because HUD's

decision fully complied with all applicable laws, regulations, and policies, including the APA.

---

[1] Plaintiff misspelled Ms. Cabbagestalk's name in his complaint.

Further, any contract claim should be dismissed for lack of jurisdiction and, on the merits, for

lack of privity of contract. Finally, any Bivens-like claim against defendant in her official

capacity (or against HUD generally) fails for lack of jurisdiction because there has been no

waiver of sovereign immunity for such claims.

Regarding the enumerated items in Rule 16.3(c), the parties state as follows:

1.   Plaintiff believes that settlement is the way to avoid a trial. Defendant believes the case

     will most likely be disposed of by dispositive motion. Defendant believes that the APA

     claim should be decided on summary judgment and the other claims should be dismissed.

     Defendant will file an administrative record regarding the APA claim. Defendant further

     believes that discovery should be stayed until resolution of defendant's dispositive

     motion, which defendant anticipates being able to file within a month.

2.   The parties request that they be given until October 25, 2005, to add any other parties

     and/or amend the pleadings. Thereafter, parties request that the Court permit further

     addition of parties or amendment of the complaint only with leave of the Court.

3.   Plaintiff has no position on assignment to a magistrate. Defendant has no objection to

     assignment of this case to a magistrate.

4.   Plaintiff is open to settlement. Defendant does not believe there is a realistic possibility

     of settling at this time.

5.   Plaintiff is open to mediation. Defendant does not believe that mediation would be

     productive at this time.

6.   Plaintiff takes no position on this item at this time. As explained in (1) above, defendant

     believes that the case will be decided on dispositive motion, and requests a 30 days to file

2

such motion.  Defendant proposes thirty days for plaintiff to file any opposition, and defendant to have two weeks thereafter for any reply.

7.      Plaintiff takes no position on this item at this time.  Defendant does not waive initial disclosures, but notes that the case is a challenge to agency action, and so should not be covered by Rule 26(a)(1).

8.      Plaintiff takes no position on this item at this time.  Defendant believes that no discovery is appropriate and further requests an order staying all discovery until further order of the Court.  "Plaintiff's Pretrial Statement" refers to discovery requests (apparently plaintiff anticipates these sending out in the future), and therefore an order staying discovery is appropriate.

9.      Plaintiff takes no position on this item at this time.  Defendant does not anticipate the need for expert testimony.

10.     Not a class action.

11.     Plaintiff takes no position on this item at this time.  Defendant does not recommend bifurcation.

12.     Plaintiff believes a pretrial conference would be helpful.  Defendant does not recommend scheduling a pretrial conference at this time.

13.     The parties do not recommend scheduling a trial date at this time.

14.     Plaintiff is looking to hire an attorney for this case.  The parties request that the deadline for filing the administrative record be the same as the deadline for defendant's dispositive motion.

October 11, 2005                        Respectfully submitted,

_____                 _____

ALBERT A. SAMS                          KENNETH L. WAINSTEIN, D.C. Bar # 451058
                                        United States Attorney
*pro se* plaintiff
                                        _____

                                        R. CRAIG LAWRENCE, D.C. Bar # 171538
                                        Assistant United States Attorney

                                        _____

                                        ALAN BURCH, D.C. Bar # 470655
                                        Assistant United States Attorney
                                        555 4th St., N.W.
                                        Washington, D.C. 20530
                                        (202) 514-7204
                                        alan.burch@usdoj.gov

                                        counsel for defendant

4

**CERTIFICATE OF SERVICE**

I certify that the Defendant's 16.3 Report was served upon *pro se* plaintiff by depositing a

copy of it in the U.S. Mail, first class postage prepaid, addressed to:


Albert A. Sams
2801 Douglass Pl. SE
Washington, DC 20020


on this 11th day of October 2005.


_____
ALAN BURCH
Assistant United States Attorney
555 4th St., N.W.
Washington, D.C. 20530
(202) 514-7204
alan.burch@usdoj.gov