UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ALBERT A. SAMS                ) | |
|          ) | |
|   Plaintiff,         ) | |
|          ) | |
|   v.                 ) | Civil Action No. 05-1393 (JGP) |
|          ) | |
| ISABELLA M. CABBAGESTAK,       ) | |
|          ) | |
|   Defendant.         ) | |

## ORDER TO SHOW CAUSE

This matter is before the Court on defendant's **Motion to Dismiss for Lack of Prosecution [#12]** ("Def.'s Mot."). Within the Motion, defendant referenced the Court's Order [#10] regarding plaintiff's absence from the November 17, 2005 status hearing which directed plaintiff, a *pro se* party, to file an explanatory Memorandum with the Court by December 1, 2005 in order for the status hearing scheduled for December 14, 2005 to proceed. Plaintiff failed to comply with the Court's Order and, as a consequence, the December 14, 2005 status hearing was cancelled. Also within the instant Motion, as support for its position that plaintiff has failed to prosecute his case, defendant argued that "Plaintiff has not . . . filed anything with the Court[.]"[1] Def.'s Mot. at 2; *see also Ripalda v. American Operations Corp.*, 298 U.S. App. D.C. 189 977, F.2d 1464, 1466 (D.C. Cir. 1992).

The Court is guided by the principle that "*pro se* plaintiffs are generally subject to less

---

[1] Although there is no way that defendant could have known this because of the nature and late date of plaintiff's filing, this statement is simply not accurate. That is, plaintiff filed a one-page, handwritten explanatory Memorandum with the Court in which he indicated (1) his continued difficulty in securing counsel, and (2) his continued interest in prosecuting his case.

stringent standards in filing and maintaining their lawsuits than those plaintiffs who are represented by lawyers." *Johnson v. Ashcroft*, 2005 U.S. Dist. LEXIS 17961 (D.D.C. 2005) (citing *Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 595 (1972)).  It is not uncommon for "[d]istrict judges [to] . . . believe that given some additional time, *pro se* plaintiffs might obtain counsel on their own." *Ficken v. Alvarez*, 331 U.S. App. D.C. 37, 146 F.3d 978, 981 (D.C. Cir. 1998).  This is so because "district courts have . . . strong incentives for ensuring adequate representation for *pro se* plaintiffs." *Id*. at 981.  Notwithstanding, Local Civil Rule 7(b) provides that a Motion can be deemed conceded "[w]ithin 11 days of the date of service or at such other time as the Court may direct" when "an opposing party [has failed to] serve and file a memorandum of points and authorities in opposition to the motion." LCvR7(b).

For the preceding reasons, it is hereby

**ORDERED** that the plaintiff shall show cause, on or before **August 21, 2006**, why the Court should not grant defendant's **Motion to Dismiss for Lack of Prosecution [#12]**[2].

**DATE: June 19, 2006**                                            **JOHN GARRETT PENN**
                                                                   **United States District Judge**

---

[2] *See Fox v. Strickland*, 267 U.S. App. D.C. 84, 837 F.2d 507 (1988) (holding that a district court must take pains to advise a *pro se* litigant of the consequences of failing to respond to a dispositive motion); *Neal v. Kelly*, 295 U.S. App. D.C. 350, 963 F.2d 453 (1992) (holding that *pro se* plaintiffs must be advised that factual assertions in a motion for summary judgment will be accepted as true unless plaintiff submits his own affidavits or other evidence contradicting the assertion).  The Court notes that it issued a Fox-Neal Oder [#9], in its entirety, on November 11, 2005.